UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TROY SHARBOWSKI, a minor,
and GINA SHARBOWSKI,

    Plaintiffs,          No. 11-cv-13092

v.                 Paul D. Borman
                  United States District Judge

UTICA COMMUNITY SCHOOLS,
MICHIGAN DEPARTMENT OF
EDUCATION, and JANE AND JOHN
DOES,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND REQUEST FOR ISSUANCE OF SUBPOENAS (DKT. NO. 5)

This matter is before the Court on Plaintiff's Motion for Appointment of Counsel and Request for Issuance of Subpoenas. (Dkt. No. 5.) For the reasons that follow, the Court DENIES Plaintiff's motion for appointment of counsel, and DENIES Plaintiff's request for issuance of subpoenas.

The decision whether to appoint counsel rests within the sound discretion of the district court. *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985). "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993). "In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself." *Id.* at 606 (internal quotation marks and citations

1

omitted). The Court finds that Plaintiff's claims, which have yet to be tested, do not appear particularly complex and further concludes that Plaintiff's Complaint, which is detailed and intelligible, indicates Plaintiff's ability to adequately represent herself (and her minor son) at this stage of the litigation. The Court concludes that Plaintiff's request for appointment of counsel in this civil matter does not set forth exceptional circumstances which would justify the appointment of counsel.

The Court further DENIES Plaintiff's "request for issuance of subpoenas," and directs Plaintiff to Federal Rule of Civil Procedure 45, which governs the issuance of subpoenas in a civil case. The Court further directs Plaintiff to the Court Website, www.mied.uscourts.gov, where Plaintiff will find general information for litigants proceeding without counsel and specifically proper forms and procedures for issuance of subpoenas. Plaintiff will also find a copy of the Federal Rules of Civil Procedure on the Court Website. The Court notes that requests for documents from a party to the action are more properly handled through a Fed. R. Civ. P. 34 document request rather than a Fed. R. Civ. P. 45 subpoena. *See, e.g. Flagg v. City of Detroit*, No. 05-74253, 2008 WL 787039, at * 5 (E.D. Mich. March 20, 2008) ("This Court is of the view that a Rule 34 document request, rather than a Rule 45 subpoena, is the preferred mechanism for seeking documents from parties or their agents.")

IT IS SO ORDERED.

PAUL D. BORMAN
UNITED STATES DISTRICT COURT

Dated: 9-19-11