UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

T.S., a minor,
and GINA SHARBOWSKI,

       Plaintiffs,                     Civil Action No. 11-cv-13092

     v.                             District Judge Paul D. Borman
                                     Magistrate Judge Laurie J. Michelson

UTICA COMMUNITY SCHOOLS, *et al.*,

       Defendants.
_____/

**REPORT AND RECOMMENDATION REGARDING
DEFENDANT UTICA COMMUNITY SCHOOLS'
MOTION FOR JUDGMENT ON THE PLEADINGS (Dkt. 16),
AND DEFENDANT MICHIGAN DEPARTMENT OF EDUCATION'S
MOTION TO DISMISS OR, ALTERNATIVELY,
MOTION FOR JUDGMENT ON THE PLEADINGS (Dkt. 22)**

Plaintiffs, proceeding *pro se*, brought this case pursuant to the Americans with Disabilities Act ("ADA"), Section 504 of the Rehabilitation Act of 1973 ("504"), the Individuals with Disabilities Education Improvement Act of 2004 ("IDEA"), and the Family Educational Rights and Privacy Act of 1947 ("FERPA") alleging that Defendants Utica Community Schools ("UCS") and the Michigan Department of Education ("MDE") have denied T.S., who is a special education student, an appropriate education. (Dkt. 1., Pls.' Compl.) Presently before the Court are Defendants UCS and MDE's Motions for Judgment on the Pleadings. (Dkt. 16, Def. USC Mot. J. Pl.; Dkt. 22, Def. MDE Mot. J. Pl.) These motions have been referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkts. 21, 24.) The Court finds that the decision process would not be significantly aided by oral argument and, therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), the Motion will be resolved on the briefs and pleadings.

For the reasons set forth below, the Court RECOMMENDS that Defendants' Motions For Judgment on the Pleadings be GRANTED, and the case be DISMISSED in its entirety without prejudice.

## I. BACKGROUND

On July 18, 2011, Plaintiffs filed this Complaint alleging, as stated above, that Defendants Utica Community Schools and the Michigan Department of Education denied 9-year old T.S. an appropriate education. (Dkt. 1., Pls.' Compl.) Plaintiffs allege Defendants have not provided proper Extended School Year ("ESY") Services to T.S., have improperly denied his request for a "private program," have used outdated forms for T.S.'s Individual Education Program ("IEP"), and have generally mishandled the IEP process. (Dkt. 1, Pls.' Compl. at ¶ 9, 21, 32, 59.) Plaintiffs filed a "complaint" regarding these alleged violations with the MDE. (*Id.* at ¶¶ 27, 76.) As a result of this complaint, the MDE cited UCS for "using old outdated forms," but did not address Plaintiffs' allegations regarding UCS's "failure to provide ESY services." (*Id.* at ¶¶79, 80.)

Both Defendants filed Answers and Motions for Judgment on the Pleadings. (Dkt. 2, MDE Answer; Dkt. 4, USC Answer; Dkt. 16, USC Mot. J. on Pl.; Dkt. 22, MDE Mot. Dismiss or Mot. J. on Pl.) Defendants both contend that Plaintiffs have failed to exhaust their administrative remedies, and, therefore, the District Court should dismiss Plaintiffs' IDEA, ADA and 504 claims. (Dkt. 16, UCS Mot. J. on Pl., at 2; Dkt. 22, MDE Mot. J. on Pl., at 3.) Defendants also argue that Plaintiffs do not have a private cause of action under FERPA. (*Id.*) Defendant MDE further argues that Gina Sharbowski cannot assert the claims or rights of her son as his non-lawyer representative. (Dkt. 22, MDE Mot. J. on Pl., at 4.)

## II. ANALYSIS

### A. Standard of Review

Since both parties filed Answers, the Court will treat both Defendants' motions as Motions for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c). Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 12(c). "A Rule 12(c) motion for judgment on the pleadings for failure to state a claim upon which relief can be granted is nearly identical to . . . a Rule 12(b)(6) motion to dismiss." *Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006) (citations omitted). When a court is presented with a Rule 12(b)(6) or 12(c) motion, "it may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion [for judgment on th pleadings], so long as they are referred to in the [c]omplaint and are central to the claims contained therein."[1] *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The court must construe these documents "in the light most favorable to the plaintiff, accept all factual allegations as true," and determine whether the plaintiff has alleged "enough factual matter" to "state a claim to relief that is plausible on its face." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "Where a complaint pleads facts that are merely consistent with a defendant's liability," it has failed to show that relief is plausible as opposed to a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted). In applying this rule to *pro se* plaintiffs, the Court is mindful that allegations in the

---

[1] Motions for judgment on the pleadings which raise issues outside of the complaint, public records, and/or items in the record referred to in the complaint are treated as motions for summary judgment under Federal Rule of Civil Procedure 56. Fed. R. Civ. P. 12 (d). In that case, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id*.

pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B. Plaintiffs have not Exhausted their Administrative Remedies

Section 1415(a) of IDEA mandates that states and local school districts "shall establish and maintain procedures . . . to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of free appropriate public education." 20 U.S.C. § 1415. This language requires the creation of administrative remedies by the states, and the exhaustion of these remedies by parents and students. *See Amidon v. State of Michigan*, No. 04-75003, 2008 U.S. Dist. LEXIS 20625, at * 15 (E.D. Mich. March 17, 2008.); *Crocker v. Tennessee Secondary School Athletic Ass'n*, 873 F.2d 933, 935 (6th Cir. 1989). Indeed, the State of Michigan has promulgated regulations detailing such administrative remedies, and the MDE has published several brochures outlining the procedures for parents and children. *See* Mich. Admin. Code R. § 340.1701 *et seq.*; *see also* http://www.michigan.gove/mde. Within these regulations, parents and children have several options with respect to resolving disputes regarding special education. *Id*. Among these options, a parent may file a state complaint or a due process complaint with the Michigan Department of Education. *Id*.

Reading the instant Complaint in the light most favorable to the Plaintiffs as this Court must do on a Rule 12(c) motion, Plaintiffs allege that they filed a "complaint" regarding the alleged violations by Defendant UCS of the IDEA, the ADA, and 504 with the MDE. (*Id*. at ¶¶ 27, 76.) Plaintiffs state facts regarding this complaint in at least two separate paragraphs in their federal court Complaint. (*Id*.) In addition, Plaintiffs specifically state that as a result of this complaint, the MDE cited UCS for "using old outdated forms," but did not address Defendant UCS's "failure to provide

ESY services." (*Id*. at ¶¶79, 80.) These facts do not indicate whether Plaintiffs filed a state complaint or a due process complaint. This distinction is important because several federal courts have held that a due process complaint exhausts administrative remedies and a state complaint does not. *Christopher W. v. Portsmouth School Committee*, 877 F.2d 1089, 1095 (1st Cir. 1989); *J.M.C. et al. v. Louisiana Board of Elementary and Secondary Education, et al.*, 562 F. Supp. 2d 748, 753-54 (M.D. La. 2008) ("IDEA requires exhaustion of the due process hearing procedures prior to filing for judicial review, while the state complaint procedure, being 'different in purpose, scope and procedure,' is insufficient to satisfy the exhaustion requirement."). While the parties have not cited any Sixth Circuit or Michigan federal cases on this issue, the materials printed by the Michigan Department of Education indicate that only a due process complaint satisfies the exhaustion requirement. *See* http://www.michigan.gov/mde (e.g., Procedural Safeguards Notice, Michigan Department of Education, Office of Special Education and Early Intervention Services, May 2009, at 16, 29).

The referenced "complaint" is part of the record in this case. Plaintiffs attach a copy of the state complaint to their Application for Appointment of Pro Bono Counsel and Request for Issuance of Subpoenas. (Dkt. No. 5, Application for App. of Counsel.) As Defendant MDE points out, in this filing, Plaintiffs explicitly admit that they did *not* file a *due process* complaint:

> In regards to defendant MDE and to clarify, plaintiff's [sic] complaints with the MDE were not Due Process complaints. Plaintiff's [sic] complaints were of regular or general complaint nature and were filed on the SPECIAL EDUCATION STATE COMPLAINT FORM which is different than the DUE PROCESS COMPLAINT/REQUEST FOR HEARING FORM.

(*Id*. at 2) (emphasis in original.)[2]

This statement, supported by the attached state complaint, clearly shows that Plaintiffs had notice of the due process procedure, and, in fact, knew the difference between a due process complaint and a state complaint. (*Id*.) According to Plaintiffs, their state complaint was filed on February 20, 2010. (*Id*.) It was originally filed with the wrong department, but Plaintiffs correctly filed it with the Office of Special Education and Early Intervention Services on April 16, 2010. (*Id*.) Thus, Plaintiffs affirmatively chose to file a state complaint instead of a due process complaint. (*Id*.) These facts are sufficient to establish that Plaintiffs did not exhaust their administrative remedies, and thus, cannot state a claim upon which relief can be granted.

Moreover, Plaintiffs have not alleged facts sufficient to state a plausible claim that either of the two exceptions to the exhaustion requirement apply to this case. *See Amidon*, 2008 U.S. Dist. LEXIS 20625, at *17. Under the following circumstances, Plaintiffs do not have to exhaust their administrative remedies under IDEA: 1) If exhaustion would be futile; and 2) If Plaintiffs "were not given full notice of their procedural rights under the IDEA." *Id*. Futility does not apply here because Plaintiffs are seeking "precisely the kind of relief that the state administrative process is equipped to afford" – "a more appropriate educational placement." *See Covington*, 205 F.3d at 918. Indeed, futility usually applies in cases "in which the injured child has already graduated from the

---

[2] This Court considers Plaintiffs' statement and attached state complaint because they are part of the record in this case and the state complaint is referred to in Plaintiffs' Complaint. *See Bassett*, 528 F.3d at 430. Even if consideration of Plaintiffs' statement necessitated converting Defendants' Motions to summary judgment motions, it is clear that there is no genuine issue of material fact regarding Plaintiffs' failure to exhaust. Fed. R. Civ. P. 56. All parties agree that Plaintiffs did not file a due process complaint. (Dkt. No. 5, Application for App. of Counsel.) In addition, all parties have been given a reasonable opportunity to present pertinent material on this issue. *See* Fed. R. Civ. P. 12(d). Stated differently, the central issue in Defendants' Motions is this failure to exhaust, and Plaintiffs have had ample opportunity to respond and address this issue.

special education school, [and] his injuries are wholly in the past, and therefore money damages are the only remedy that can make him whole." *Id*. at 917-18. By contrast here, T.S. is a 9 ½ or 10 year old boy who is currently still attending Utica Community Schools, and, according to Plaintiffs, is still suffering injuries from the Defendants' inappropriate educational placement. (Dkt. 1, Pls.' Compl. at ¶ 2.)

In addition, Plaintiffs have not made a plausible argument that they "were not given full notice of their procedural rights under the IDEA." *See Amidon*, 2008 U.S. Dist. LEXIS 20625, at * 17. Under the pertinent IDEA provisions, defendant school districts are required to provide written notice to students and parents of their procedural rights at several key times during the IEP process. *See* 20 U.S.C. 1415(b)(3); 20 U.S.C. 1415(d)(1); *see also* 34 C.F.R. 300.504(a). The proper notice is to include a statement "alerting Plaintiffs to the existence of procedural safeguards" under IDEA. *Amidon*, 2008 U.S. Dist. LEXIS 20625, at *40. However, as Chief Judge Gerald E. Rosen pointed out in *Amidon*, "courts have been reluctant to conclude that such a failure to provide [written] notice exempts parents from the administrative process ordinarily mandated by the IDEA, so long as the parents had *actual notice* of the availability of the process." *See Amidon*, 2008 U.S. Dist. LEXIS 20625, at *43 (citations omitted, emphasis added). Moreover, in *Donoho v. Smith County Board of Education*, 21 F. App'x 293, 298 & n.4 (6th Cir. 2001), the Sixth Circuit reasoned that if parents had *actual notice* of their duty to exhaust administrative remedies, they cannot bypass the administrative procedures by filing a case in federal court.

In their response to Defendant UCS's motion, Plaintiffs state that they do "not fully understand the procedural safeguards and [were] also never fully assisted in understanding them." (Dkt. 19. Pls.' Response and Mot. For Misc. Relief.) Moreover, in their Complaint, Plaintiffs state

that they are using the federal court case to try to re-request the relief that they requested in their state complaint. (Dkt. 1, Pl.'s Compl. ¶¶ 23-24, 57-58.) Reading these allegations in a light most favorable to Plaintiffs, they indicate that Plaintiffs had *actual notice* of their procedural safeguards, if not written notice, but did not fully understand how to utilize such safeguards, and, instead, decided to bring their allegations directly to the federal court. This is not sufficient to exempt Plaintiffs from the duty to exhaust pursuant to the relevant case law. *See Amidon*, 2008 U.S. Dist. LEXIS 20625, at \*43; *Donoho*, 21 F. App'x at 298 & n.4. Moreover, because Plaintiffs failed to exhaust their claims under the IDEA, their other claims under the ADA and 504 are likewise not ripe for adjudication. 20 U.S.C. § 1415(l); *see also Amidon*, 2008 U.S. Dist. LEXIS 20625, at \* 14-15. In short, Plaintiffs have not exhausted their administrative remedies and are, therefore, precluded from bringing this case in federal court. The Court directs Plaintiffs to the "Model Due Process Complaint/Request for Hearing Form" on the Michigan Department of Education's website. *See* http://www.michigan.gov/mde. This Complaint must be filed, and adjudicated fully by an Administrative Law Judge, before it can be heard in this Court.[3]

---

[3] This Court notes that the administrative process gives the federal courts – courts with no expertise in the educational needs of the disabled – "the benefit of expert fact finding by a state agency devoted to this very purpose." *Crocker*, 873 F.2d at 935. Such a process is necessary to give effect to the IDEA's fundamental purpose, which is to have local education agencies, parents and children work together to formulate an IEP to fit the individual child's specific needs. *Id.* Plaintiffs in this case will be better served by having the Michigan Department of Education and one of its Administrative Law Judges analyze T.S.'s needs and whether the local school district's IEP is meeting those needs. The federal courts are not the place to start such an analysis. *Id.*

The Court also notes that it need not address Defendant MDE's argument that IDEA does not entitle Ms. Sharbowski to litigate T.S.'s claims pro se. However, in *Winkelman v. Parma City School District*, the United States Supreme Court held that "[p]arents enjoy rights under IDEA: and they are, as a result, entitled to prosecute IDEA claims on their own behalf." *Winkelman*, 550 U.S. at 535. Despite Defendant MDE's contention that the Supreme Court "did not reach the question of 'whether IDEA entitles parents to litigate their child's claims pro se,'" the Supreme Court actually

8

### C. Plaintiffs Cannot Bring a Private Right of Action Under FERPA

As both defendants have pointed out, the United States Supreme Court has unambiguously held that there is no private right of action under FERPA. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 290-91 (2002). As such, Plaintiffs' FERPA claim should be dismissed.

## III. RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS that Defendants' Motions For Judgment on the Pleadings be GRANTED, and the case be DISMISSED in its entirety without prejudice.[4]

## IV. FILING OBJECTIONS TO THIS REPORT

The parties to this action may object to and seek review of this Report and Recommendation

---

stated: "In light of our holding we *need not* reach petitioners' alternative argument, which concerns whether IDEA entitles parents to litigate their child's claims pro se." *Compare* Dkt. 22, Defendant MDE Mot. J. on Pl., at n. 2; *Winkelman*, 550 U.S. at 535 (emphasis added). The U.S. Supreme Court essentially reasoned that it *need not* address this alternative argument because their holding obviated the need of parents to litigate their child's claims pro se – they can simply bring their own claims. *Winkelman*, 550 U.S. at 535. As such, Gina Sharbowski is entitled to prosecute the IDEA claims brought in this lawsuit on her own behalf *after* she fully exhausts her administrative remedies if she still feels that T.S.'s needs remain unaddressed by this process.

[4] Plaintiffs' Response to Defendant USC's Motion for Judgment on the Pleadings contains multiple requests for separate relief that are not proper in response briefs. Pursuant to this Court's ECF Rule 5, affirmative motions are not to be made in response briefs. ECF Pol. & Pro. R. 5(e) ("a response or reply to a motion must not be combined with a counter-motion"). Given that this Court recommends dismissing the case in its entirety, the requests are moot. If, however, the District Court rejects this Report and Recommendation, Plaintiffs are advised to file these requests in their own separate motions.

This Court dismisses the case without prejudice to give Plaintiffs the right to re-file the action after they exhaust their administrative remedies. As such, the Court stays the two year statute of limitations under 34 C.F.R. § 300.507 to permit Plaintiffs to bring this cause of action within 90 calendar days from the date of the decision of the ALJ in any future due process proceeding. *See* 34 C.F.R.§ 300.507; 34 C.F.R. § 300.516.

within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES MAGISTRATE JUDGE

Dated: February 16, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on February 16, 2012.

s/Jane Johnson
Deputy Clerk

10