# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

Troy Sharbowski, a minor,
and Gina Sharbowski,
    *Plantiffs,*

v.

Utica Community Schools,
Michigan Department of Education,
and (possibly/yet to be determined):
Jane Doe(s), John Doe(s),
    *Defendants,*

Case#: **2:11-cv-13092**

Honorable Paul D. Borman

---

## PLAINTIFF'S NOTICE OF FILED DUE PROCESS COMPLAINT AND REQUEST

Pursuant to Magistrate Michelson's REPORT AND RECOMMENDATION, *et al,* plaintiffs hereby give notice to this honorable court and all parties that a DUE PROCESS COMPLAINT has been filed by plaintiff as recommended by the court and REQUEST the following consideration. Plaintiff filed a due process complaint on 2-19-12 (which was received by the MDE on 2-21-12) to seek exhaustion of administrative remedies pursuant to the recommendation by this honorable court and as motioned by the defendants (ATTACHMENT A), however plaintiffs would like to point out that regardless of how the Due Process Complaint hearing rules and regardless of the outcome, plaintiff's claims of past violations and discrimination due to disability as described throughout the complaint, motions,

Page 1 of 3

and responses will still be applicable prior to the due process hearing regardless of the outcome. Plaintiffs can only hope that the hearing will result in honestly qualifying student for Extended School Year services this coming summer, but whatever the result plaintiffs will still be in the same position of not be able to afford an attorney and will have to try to continue to pursue the claim on their own. Hypothetically, the due process hearing can result in two ways, either 1) the district will be found to have failed to provide ESY services and student will begin receiving those services, or 2) the district submits the falsified records that support that student does not qualify & continues to maintain that student does not qualify and continues to maintain that other students ESY records are off limits, then the district wins. Either way, plaintiff's claims of past violations and discrimination can only be pursued through this court and this court will be the only avenue available to access the records needed. Wherefore plaintiff prays and begs for consideration and prays that your honor please consider either "suspending" this case until the completion of the Due Process hearing or place on a "temporary hold" on this case until the due process hearing is completed rather than dismissal so that plaintiff's do not have to pay additional money to re file the case, then again have to pay for the defendants to be served again, or in the alternative, plaintiffs would pray that your honor list an clause allowing

Page 2 of 3

plaintiff's to simply file a MOTION TO RE-INSTATE this case so that it can resume after the due process outcome without having to re-file or re-serve defendants, or a clarification as to whether a Motion to Re-Instate is automatically allowed or not without it being added to the order(?).

Dated: February 28, 2011

Respectfully submitted.

_____
Mrs. Gina Sharbowski, *pro per*
and c/o Troy Sharbowski.
42309 Bobjean Street
Sterling Heights, MI 48314
**(586) 731-9022**
Fax: (586) 731-5688
e-mail: AGLSprocess@aol.com

Page 3 of 3

**Attachment A**

FAXED: FEB 19 2012

# Appendix B: Model Due Process Complaint/Request for Hearing Form



Michigan Department of Education
Office of Special Education
608 West Allegan Street
Lansing, Michigan 48909
Telephone: (517) 373-2979
Toll Free: (888) 320-8384
Fax: (517) 373-8414

## Model Due Process Complaint/Request for Hearing Form

**PURPOSE:** This model form may be used to submit a request for a due process hearing to resolve a disagreement about the identification, evaluation, eligibility, educational placement, or manifestation determination of a student, or regarding the provision of a free appropriate public education for a student under the *Individuals with Disabilities Education Act* (IDEA).

**INSTRUCTIONS:** Complete this form and mail, fax, or hand-deliver it to the Michigan Department of Education (MDE), Office of Special Education (OSE) at the address above. You must also provide a copy to the school district(s) that the due process complaint is against. The complaint will not be filed until the MDE and the district(s) have received a copy of the complaint. The use of this form is not required; it is provided to assist in filing a state complaint.

**Note: The * indicates required information. This information must be provided whether you use this form or any other format. Complaints that do not have all required information will NOT be filed and will be returned to the complainant.**

| COMPLAINANT CONTACT INFORMATION | |
|---|---|
| *Name: Mrs. Gina Sharbowski | |
| *Address: 42309 Bobjean Street, Sterling Heights, MI 48314 | Telephone Number(s): (586) 731-9022 |
| | Email address: AGLSprocess@aol.com |

| STUDENT INFORMATION | | | |
|---|---|---|---|
| *Name of Student: Troy Sharbowski | Age: 10 | Date of Birth: 7-21-01 | Grade: Lifeskills |
| *Address of Student (or contact information if student is homeless): 42309 Bobjean Street, Sterling Heights, MI 48314 | | | |
| Name of Parent or Guardian (if other than the person filing the complaint): (same) Mrs. Gina Sharbowski | Resident District: Utica Community Schools | | |

| SCHOOL INFORMATION | |
|---|---|
| *Name of the School the Student Attends: Schwarzkoff Elementary School | Name of the District(s) the Complaint is Filed Against: Utica Community Schools |

## Appendix B: Model Due Process Complaint/Request for Hearing Form *continued*

### *PROBLEM AND FACTS

What is the nature of the problem that relates to the student's special education program and what are the facts that relate to the problem? Include dates, if known. (Attach additional pages if necessary.)

Continued violations of not providing Extend School Year (ESY) services, which has led to various other violations of ongoing: discrimination due to disability, misrepresentations of ESY services, improper denial of ESY services, failure to properly assess students ASD characteristics and create appropriate goals, improper denial of students ASD diagnosis without due process, failure to honestly assess student for ESY services, failure to discuss all criteria for ESY services or factor in all discussions pursuant to FAPE, failure of IEP team to create goals to meet all of students needs, denial of parents request for placement in another program that does provide ESY services (so that student can be honestly assessed), failure to implement IEP during summer program offered by the school district, harassment, dishonesty and retaliation. Please note that parent also attempted to file a court case in USDC (case#:11-cv-13092) however it was recently recommended/ordered that it was not ripe(?) and that due process remedies through this venue must be exhausted first.

### *PROPOSED RESOLUTION

Briefly explain how you think the issue should be resolved. (Attach additional pages if necessary.)

Unsure of what is allowed or usually provided(?). 1) Compensatory ESY services, 2) Placement into another program that does provide ESY services so that student can be honestly assessed (for ESY services) and if no such program is available or appropriate for student then the ok/go ahead for parent to place student in a private program/or the district's voluntary placement into a private placement, 3) written apology, 4) all parties determined to be involved in any of the ongoing wrongdoing be properly disciplined, 5) Right to sue letter 6) compensation for student for all violations and discrimination, et al, 7) compensation for parents time, for years of dishonesty, retaliation and time spent on fighting these issues, 8) additional requests to be determined.

### *STATEMENT OF DELIVERY

Check one of the boxes below and fill in the information below the selected box.

[X] **A copy of this due process complaint was sent to the district(s) by mail:**
Addressed to: Superintendent and/or Special Services     Date mailed: FEB 1 9 2012
(Name of Person)

[X] **A copy of this due process complaint was sent to the district(s) by fax:**
Addressed to: Superintendent and/or Special Services     Date mailed: (FAXED) FEB 19   Time Sent: 3:30 AM
(Name of Person)

[ ] **A copy of this due process complaint was delivered to the district(s) in person:**
Addressed to: _____     At: _____     Date: _____
(Name of Person)     (Place it was Delivered)

Mrs. Gina Sharbowski
Printed Name     *Signature [signature]     FEB 1 9 2012
     Date

# Appendix B: Model Due Process Complaint/Request for Hearing Form *continued*

## MEDIATION

*The Michigan Department of Education (MDE) encourages parents and districts to resolve disputes through informal dispute resolution processes, including mediation.*

Mediation is a voluntary process. A trained, impartial mediator assists the parties in reaching a mutually acceptable resolution of the dispute between the parties. Mediators are not affiliated with any local school district nor do they represent any of the parties in a complaint. Discussions during mediation are confidential.

The MDE provides mediation services at no cost to the complainant or the district if they use the Michigan Special Education Mediation Program (MSEMP). The MSEMP is funded by an MDE grant.

If you are interested in resolving a complaint through mediation or informal resolution, the MDE will, with your consent, forward your name and telephone number to the MSEMP. The MSEMP will contact you to tell you more about mediation and other alternative dispute resolution options. If you choose to participate in mediation, the MSEMP will contact the district to determine if the district agrees to participate in mediation. If so, the MSEMP will make the arrangements and schedule the mediation meeting(s).

If you and the district agree to participate in mediation after a due process complaint has been filed, the hearing timeline may be extended until the mediation process is completed. If the issue is resolved through mediation, the complaint will be withdrawn or dismissed. If the issue is not resolved, the MDE will proceed with the due process hearing.

For more information about mediation and informal dispute resolution, see the MDE Special Education Due Process Complaint Procedures or contact the Michigan Special Education Mediation Program (MSEMP) at (800) 8RESOLVE or http://msemp.cenmi.org.

---

*Please provide the information below and sign your name if you want the MSEMP to contact you to tell you more about mediation and other informal dispute resolution options.*

I am interested in resolving the complaint against the _____ school district/public school academy through mediation or informal resolution.

I give the MDE permission to forward my name and telephone number to the MSEMP.

Name: _____   Telephone number: _____

_____                            _____
          Signature                                            Date

**FOR MDE USE ONLY:** Case # _____ Date Filed _____ Administrative Law Judge _____

---

Page **3** of **3**



STATE OF MICHIGAN
DEPARTMENT OF EDUCATION
LANSING

RICK SNYDER
GOVERNOR

MICHAEL P. FLANAGAN
SUPERINTENDENT OF
PUBLIC INSTRUCTION

February 21, 2012

Gina Sharbowski
42309 Bobjean Street
Sterling Heights, Michigan 48314

Re: MDE-SEH #12-7

Dear Ms. Sharbowski:

The Office of Special Education (OSE) received your Due Process Hearing Complaint (complaint) on February 21, 2012. The due process complaint number is listed above. Pursuant to the Individuals with Disabilities Education Act (IDEA) and the Michigan Administrative Rules for Special Education (Michigan Administrative Rules for Special Education), a parent, public agency, or the Department of Education may initiate a due process hearing by properly filing a written complaint with the OSE and by providing the other parties with a copy of the complaint.

When a complaint is properly filed, certain time lines established by the IDEA and applicable Michigan law are triggered. A complaint is properly filed and the time lines begin when both the OSE and the other parties receive a copy of the complaint from you, and the complaint contains all the components required by the IDEA.

Your complaint, containing all the required components, was received by OSE on February 21, 2012. The complaint is deemed to be received by the other party on February 21, 2012. Therefore, the complaint was filed on February 21, 2012.

After a complaint is filed with the OSE, the OSE forwards the complaint to the Michigan Administrative Hearing System (MAHS), which will process the complaint and assign an administrative law judge (ALJ) to conduct the hearing. Your complaint was forwarded to the MAHS on February 21, 2012. The MAHS will contact you to provide further information, including the MAHS docket number. Questions regarding your complaint can be directed to MAHS, Administrative Assistant, at (517) 373-8772.

Section 300.510 of the IDEA requires that a resolution session be convened to attempt to resolve the dispute within 15 days (7 days for an expedited matter). Information regarding the resolution session is attached.

Parties can agree to waive the resolution session and attempt to resolve the dispute through mediation. Both the OSE and MAHS encourage you to consider mediating this dispute. Mediation provides an informal, confidential forum for the parties to resolve the dispute on their own, rather than deferring to an ALJ or other third party. A neutral mediator facilitates

---

**STATE BOARD OF EDUCATION**

JOHN C. AUSTIN – PRESIDENT • CASANDRA E. ULBRICH – VICE PRESIDENT
NANCY DANHOF – SECRETARY • MARIANNE YARED MCGUIRE – TREASURER
RICHARD ZEILE – NASBE DELEGATE • KATHLEEN N. STRAUS
DANIEL VARNER • EILEEN LAPPIN WEISER

608 WEST ALLEGAN STREET • P.O. BOX 30008 • LANSING, MICHIGAN 48909
www.michigan.gov/mde • (517) 373-3324

Gina Sharbowski
Page 2
February 21, 2012

the discussion. Mediation does not prevent the use of the hearing process if the matter is not resolved. Nor does it delay the hearing unless the parties agree to the delay. Mediation can be initiated in a few days and often concluded quickly. According to the Michigan Special Education Mediation Program (MSEMP), more than 80 percent of mediated special education cases result in an agreement. To learn more about mediation services, call MSEMP at (800) 873-7658. MSEMP is funded by a grant through the MDE. Their mediation services are available free of charge to parents and schools. Other mediation services may be available; however, the services may not be free to the parties. A copy of MSEMP's brochure, which provides information regarding the services they offer as well as their locations, is enclosed.

After the ALJ issues a final order in this matter, the MAHS will return the certified record to the OSE. Questions after the final order is issued can be directed to the OSE' Due Process Coordinator, Ms. Harvalee Saunto, at (517) 241-7507.

Sincerely,

*Harvalee Saunto*

Harvalee Saunto, M.A., J.D.
Coordinator, State and Due Process Complaints
Program Accountability
Office of Special Education

HS/jam

Enclosure

c: Christine Johns
   Pat McKinnon



## What is a Resolution Session?

The Individuals with Disabilities Education Act (IDEA) requires that the school district hold a resolution session with parents who file a due process complaint requesting a hearing. The purpose of the resolution session is for the parents and the school district to discuss the parents' complaint and resolve the dispute without going to a hearing.

## When must the Resolution Session be held?

The school district must convene a resolution session within 15 days after a due process complaint is filed (7 days in an expedited matter). The parents and the district have 30 days to resolve the matter (15 days in an expedited matter); this is called the "resolution period". If the dispute is not resolved during the resolution period, a hearing is scheduled and the timeline to conduct the hearing begins.

## Who participates in the Resolution Session?

The resolution session may include as few as two people (a parent and a school district representative authorized to act on behalf of the district). Or, it may include many people including members of the Individualized Evaluation Plan (IEP) team or other people with knowledge or information about the student. The entire IEP team is not required to participate.

The school's district's attorney may participate only if the parents' attorney participates.

## What if the parents or the district do not participate?

If the parents do not participate in a resolution session, the school district may request that the Administrative Law Judge (ALJ) assigned to the case dismiss the due process complaint.

If the district doesn't hold a resolution session within 15 days after a due process complaint is filed (7 days in an expedited matter), the parents may request that the ALJ immediately begin the hearing timeline.

### What are the alternatives to Resolution Session?

Parties that do not wish to participate in a resolution session have two options:

1. Mutually agree in writing to waive the resolution session and proceed to the due process hearing.
2. Mutually agree to mediation or other dispute resolution process.

### What happens after the Resolution Session or the Resolution Period?

If the parties resolve their dispute during a resolution session, they must sign an agreement. Any party can void the agreement within 3 business days of signing.

If the parties do not resolve their dispute through the Resolution Session, a hearing is scheduled.

The IDEA requires that an ALJ conduct a hearing and issue a decision within 45 days after the end of the resolution period. The hearing timeline starts one day after one of the following events:

1. The parties agree in writing to waive the resolution session and do not participate in mediation.
2. The parties participate in mediation but (before the end of the resolution period) agree in writing that an agreement cannot be reached.
3. The parties mutually agree to extend the resolution period to continue mediation, but later one party withdraws from the mediation process.

### What are the differences between Resolution Session and Mediation?

Resolution Session

* Required by the IDEA, unless:
  -Waived by the parties or
  -When the district files the complaint
* Confidentiality not required by the IDEA; parties may include a statement of confidentiality in their written agreements
* Any party may opt out of an agreement within 3 business days after it is signed
* A school district attorney may participate in the meeting only if the parents' attorney participates

Mediation

* Confidentiality statement required to be included in a written agreement
* A signed written agreement is immediately binding and enforceable in a court proceeding
* All parties may have their attorneys participate in the process
* IDEA governs the qualifications, selection and use of mediators

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

Troy Sharbowski, a minor,
and Gina Sharbowski,
    *Plantiffs,*

v.

Utica Community Schools,
Michigan Department of Education,
and (possibly/yet to be determined):
Jane Doe(s), John Doe(s),
    *Defendants,*

Case#: **2:11-cv-13092**

Honorable Paul D. Borman

FILED 2012 FEB 28 P 2: 17
U.S. DIST. COURT CLERK
EAST. DIST. MICHIGAN
DETROIT

## CERTIFICATE OF SERVICE/MAILING

Plaintiff Gina Sharbowski hereby certifies that on 2-28-12 she mailed a copy of the document: PLAINTIFF'S NOTICE OF FILED DUE PROCESS COMPLAINT AND REQUEST

to each defendant via First Class Mail (with delivery confirmation) through the USPS as follows:

Kevin T. Sutton, Esq.
Robert T. Schindler, Esq.
Lusk & Albertson, PLC
40950 Woodward Ave, Ste 350
Bloomfield Hills, MI 48304


Timothy J. Haynes, Esq.
MI Dept of Attorney General
P.O. Box 30758
Lansing, MI 48909


Dated: February 28, 2012          Respectfully submitted.
Page 1 of 2

Dated: February 28, 2012          Respectfully submitted.

*(signature)*

Mrs. Gina Sharbowski, *pro per*
and c/o Troy Sharbowski.
42309 Bobjean Street
Sterling Heights, MI 48314
(586) 731-9022
Fax: (586) 731-5688
e-mail: AGLSprocess@aol.com