UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

T.S., a minor,
and GINA SHARBOWSKI,

               Plaintiffs,                    Civil Action No. 11-cv-13092

     v.                              District Judge Paul D. Borman
                                          Magistrate Judge Laurie J. Michelson
UTICA COMMUNITY SCHOOLS, *et al.*,

               Defendants.
_____/

**REPORT AND RECOMMENDATION REGARDING
PLAINTIFFS' MOTION FOR ASSISTANCE FROM HIGHER COURT
TO ADDRESS ONGOING ISSUES POST DUE PROCESS HEARING ORDER
<u>AND TO REINSTATE CASE [35]</u>**

Plaintiffs Gina Sharbowski and her minor child T.S. filed their Complaint under the

Americans with Disabilities Act, section 504 of the Rehabilitation Act of 1973, the Individuals with

Disabilities Act ("IDEA"), and the Family Educational Rights and Privacy Act ("FERPA") alleging

that Defendants Utica Community Schools ("Utica Schools") and the Michigan Department of

Education ("MDE") denied T.S., who is a special education student, an appropriate education. (Dkt.

1, Compl.)

Presently before the Court is Plaintiffs' Motion for Assistance from Higher Court to Address

Ongoing Issues Post Due Process Hearing Order and to Reinstate Case. (Dkt. 35.)  Both Defendants

have filed responses. (Dkts. 36, 37.)  Plaintiffs' motion has been referred to this Court pursuant to

28 U.S.C. § 636(b)(1)(B).  (Dkt. 38.)  This Court finds that the decision process would not be

significantly aided by oral argument and, therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), the motion

will be resolved on the briefs and pleadings.

For the reasons set forth below, the Court RECOMMENDS that Plaintiffs' Motion For Assistance and to Reinstate the Case (Dkt. 35) be DENIED.

## I. BACKGROUND

On July 18, 2011, Plaintiffs filed a Complaint alleging that Utica Schools and MDE denied 9-year old T.S. an appropriate education. (Dkt. 1., Pls.' Compl.) Plaintiffs alleged that Defendants did not provide proper Extended School Year ("ESY") Services to T.S., improperly denied his request for a "private program," used outdated forms for T.S.'s Individual Education Program ("IEP"), and generally mishandled the IEP process. (Dkt. 1, Pls.' Compl. at ¶¶ 9, 21, 32, 59.) Plaintiffs filed a "complaint" regarding these alleged violations with the MDE. (*Id.* at ¶¶ 27, 76.) The MDE cited Utica Schools for "using old outdated forms," but did not address Plaintiffs' allegations regarding Utica Schools' "failure to provide ESY services." (*Id.* at ¶¶ 79, 80.)

In October and November 2011, Defendants filed separate motions for judgment on the pleadings. (Dkt. 16, 19, 21, 22, 24.) On February 16, 2012, this Court issued a report and recommendation concluding that Plaintiffs had not exhausted their administrative remedies as required by IDEA. (Dkt. 32.) More specifically, this Court found that, in seeking to resolve their disputes regarding T.S.'s special education needs, Plaintiffs had filed a state complaint instead of a due process complaint, and only the latter exhausts administrative remedies. (*Id.*) The report and recommendation advised Plaintiffs how to file a due process complaint pursuant to IDEA, and recommended dismissal of the case without prejudice. (*Id.* at 9.) This Court further recommended "stay[ing] the two year statute of limitations under 34 C.F.R. § 300.507 to permit Plaintiffs to bring this cause of action within 90 calendar days from the date of the decision of the ALJ in any future due process proceeding." (*Id.* at 9 n.4 (citing 34 C.F.R. § 300.507; 34.C.F.R. § 300.516).)

On April 18, 2012, District Judge Paul D. Borman adopted the report and recommendation, specifically referencing the 2-year stay and requirement for Plaintiffs to bring a cause of action, if necessary, within 90 days from the date of an ALJ's decision in any future due process proceeding. (Dkt. 34.) Plaintiffs did not object to the report and recommendation, but did file a "request" that the Court "stay" or "suspend" the case while they pursued their administrative remedies, to relieve them of having to pay a filing fee upon refiling their claims. (*Id.* at 2 n.1 (citing Dkt. 33, Pls.' Not. of Filed Due Process Compl. and Req., at 2).) Judge Borman declined Plaintiffs' request, but indicated that he would consider an application to proceed *in forma pauperis* at the time of any future filing. (Dkt. 34, at 2 n.2.)

Plaintiffs filed a due process complaint with the Michigan Department of Education on February 21, 2012, alleging violations of the IDEA by Defendant Utica Schools. (Dkt. 35, Pls.' Mot. for Assistance and to Reinstate Case, Ex. 1 at 1.) The essence of the dispute appears to be whether T.S. is eligible for special education as a student with Autism Spectrum Disorder or whether his appropriate (disability) certification is Mildly Cognitively Impaired. A due process hearing was held, and on July 23, 2012, Administrative Law Judge ("ALJ") Susanne E. Harris issued her Decision and Order.[1] (Dkt. 35, ALJ Decision and Order dated July 23, 2012 (sealed).) The ALJ

---

[1] Plaintiffs did not attach a copy of the ALJ's Decision and Order to their motion. Instead, Plaintiffs requested that because the due process hearing was deemed a private/closed hearing, that the Decision and Order be deemed confidential and treated as filed under seal. (Dkt. 35, at 5.) This Court has broad discretionary power to control and seal, if necessary, records and files in its possession and the standard of review is for an abuse of discretion. *In re Search Warrant for Four Contiguous Parcels of Real Prop. in Milford, Michigan*, No. 06-50457, 2006 WL 1779436, at *4 (E.D. Mich. June 26, 2006); *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 430-34 (5th Cir. 1981). Because the ALJ's Decision and Order contains T.S.'s education records as contemplated by FERPA as well as the personal information of a minor, he has a privacy interest in keeping the documents under seal. *Oakstone Cmty Sch. v. Williams*, No. 11-01109, 2012 WL 1185988, at *3 (S.D. Ohio Apr. 9, 2012) (holding that the decision of an independent hearing officer should be kept under seal

made extensive factual findings and conclusions of law.  (*Id*.)  For instance, the ALJ concluded that

"[t]he Student's several IEP's and [Behavior Intervention Plans (BIP)] clearly indicate that the

Student is not making progress and sometimes he actually regresses.  What is most troubling is that

there is very little change, if any, from one BIP to the next and virtually no change in the Student's

IEP programming and services to address his lack of progress and behavior issues."  (*Id*. at 41.)  She

also found that Utica School District committed numerous procedural and substantive violations.

(*Id*. at 42.)  As a result, she ordered that certain actions be taken by the School District with respect

to T.S.'s educational needs.  (*Id*. at 43-44.)

In their present motion, Plaintiffs highlight several corrective actions that they claim Utica

Schools has failed to comply with following the ALJ's Decision and Order.  For one, Plaintiffs

allege that they did not receive a copy of Utica Schools' proof of compliance with the ALJ's

Decision and Order.  (*Id*. at 5.)  Moreover, Plaintiffs state that Utica Schools has relayed untrue and

inaccurate information to the Michigan Department of Education with respect to their compliance.

(*Id*.)  Plaintiffs contend that they attempted to provide this factually incorrect information to their

due process coordinator, Harvalee Santo, but she indicated that after the ALJ issues a decision, the

MDE determines whether a district is in compliance with the ALJ's order and, therefore, the ALJ

and the Michigan Administrative Hearings System have no further involvement with the case.  (*Id*.,

Ex. B, at 2.)  Thus, according to Plaintiffs, there is no recourse if the District provides false

information, or commits additional violations during the compliance process.  Plaintiffs also allege

---

as they contain education records and personal information of a minor.)  The public's interest in
knowing how the Court adjudicates the claims before it can be adequately protected by Plaintiffs
filing a redacted copy of the ALJ's Decision and Order that redacts the information about which T.S.
has a privacy interest.  The Court recommends, however, that no redacted copy is needed because
of the Court's ultimate conclusion to deny Plaintiffs' motion to reinstate the case.

that at a February 27, 2013 Individual Educational Plan meeting, they were not provided with a copy

of the IEP paperwork. (Dkt. 35, at 8.) Moreover, Plaintiffs complain that they have been without

an attorney during this entire process which has put them at a disadvantage considering the

complexities of the case. (*Id*. at 6-7.) Plaintiffs indicate that while they do not believe they qualify

for a waiver of fees, they cannot afford to refile the case to challenge Utica Schools' failure to

implement the (corrective) actions ordered by the ALJ. (*Id*. at t 9-10.) While the Court understands

and appreciates Ms. Sharbowski's concerns that her son receive the most appropriate educational

environment, she is not presently entitled to the relief being sought in her motion.

## II.  ANALYSIS

### A.      Motion for Relief from Judgment

Because Plaintiffs are proceeding *pro se*, the Court will liberally treat their motion (Dkt. 35)

in this closed case as one for relief from the District Court's April 18, 2012 order granting

Defendants' motions for judgment on the pleadings and dismissing the case without prejudice. (Dkt.

34.)

Motions for relief from an order are governed by Fed. R. Civ. P. 60.  Rule 60 provides, in

pertinent part:

> On motion and upon such terms as are just, the court may relieve a
> party or a party's legal representative from a final judgment, order, or
> proceeding for the following reasons: (1) mistake, inadvertence,
> surprise, or excusable neglect; (2) newly discovered evidence which
> by due diligence could not have been discovered in time to move for
> a new trial under Rule 59(b); (3) fraud (whether heretofore
> denominated intrinsic or extrinsic), misrepresentation, or other
> misconduct of an adverse party; (4) the judgment is void; (5) the
> judgment has been satisfied, released, or discharged, or a prior
> judgment upon which it is based has been reversed or otherwise
> vacated, or it is no longer equitable that the judgment should have
> prospective application; or (6) any other reason justifying relief from

> the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

Fed. R. Civ. P. 60(b).  A decision to grant or deny a Rule 60(b) motion "is a matter of discretion for the district court." *Bank of Montreal v. Olafsson*, 648 F.2d 1078, 1079 (6th Cir. 1981).   In order to qualify for relief under Rule 60(b), "a party seeking relief from judgment must show the applicability of the rule."  *Jinks v. Allied Signal, Inc.,* 250 F.3d 381, 385 (6th Cir. 2001) ("As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment.")

Plaintiffs do not mention Rule 60 in their motion, and have not argued that any of its subsections apply.  Nevertheless, under the facts set forth in Plaintiffs' motion, the Court concludes that Rule 60(b)(6) is the most likely subsection they seek to apply.  Relief under Rule 60(b)(6), the "catchall provision," 12 Moore's Federal Practice § 60.48[1], is applicable "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule," *McDowell v. Dynamics Corp.*, 931 F.2d 380, 383 (6th Cir. 1991).   Moreover, for relief under subsection (6), the Sixth Circuit has set forth the additional requirement that "something more" than one of the grounds contained in subsections (1) through (5) be shown.  *East Brooks Books, Inc.  v. City of Memphis*, 633 F.3d 439, 465 (6th Cir. 2011) (citing *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)).

**B.        Plaintiffs' Challenge to the District's Failure to Implement the ALJ's Decision**

In his April 28, 2012 Order adopting this Court's report and recommendation, Judge Borman "stay[ed] the two year statute of limitations under 34 C.F.R. § 300.507 to permit Plaintiffs to bring

a cause of action within 90 calendar days from the date of decision of the ALJ in any future due

process proceeding." (Dkt. 34, at 1.) Judge Borman declined Plaintiffs' request that the Court stay

or suspend the case while Plaintiffs pursued their administrative remedies, to relieve them of having

to pay a filing fee upon refiling their claims. (*Id*. at 2.) Instead, Judge Borman indicated that he

would consider an application to proceed *in forma pauperis* at the time of any refiling. (*Id*. at n.1.)

Plaintiffs pursued their administrative remedies and ALJ Harris issued her decision on July 23, 2012.

(Pls.' Mot. for Assistance and to Reinstate Case, Ex. 1, at 1.)

While Plaintiffs' motion is somewhat difficult to discern, the Court does not believe that

Plaintiffs are contesting the ALJ's Decision and Order. Therefore, Plaintiffs had no obligation to

refile within the 90-day limitation period indicated by the District Court, the ALJ, and articulated

by 34 C.F.R. § 303.516.[2] Instead, the Court reads the motion as alleging that Utica Schools has not

implemented the corrective actions required by the ALJ's Decision and Order.

Still, reopening this case is not the correct remedy for Plaintiffs to challenge Utica Schools'

alleged non-compliance. Instead, Plaintiffs must participate in the state complaint resolution

procedure ("CRP") found in 34 C.F.R. § 300.151, *et seq.* (outlining the remedies for the denial of

appropriate services), and Mich. Admin. Code R. § 340.1701, § 340.1851-1855 (state complaint

procedures and remedies available).

---

[2] To the extent the Court is misreading the motion and Plaintiffs are challenging aspects of the ALJ's ruling, such a challenge, filed 232 days after the ruling, is time-barred by the 90-day limitation imposed in Judge Borman's prior Order. *See also* 34 C.F.R. § 303.516 ("The party bringing the action shall have 90 days from the date of the decision of the hearing officer or, if applicable, the decision of the State review official, to file a civil action, or, if the State has an explicit time limitation for bringing civil actions under Part B of the Act, in the time allowed by that State law."); *C.B. v. Argyle Indep. Sch. Dist*., No. 4:11-cv-619, 2012 WL 695834, at *5 (E.D. Tex. Feb. 7, 2012) ("There is nothing in the Federal Rules of Civil Procedure or the Court's Local Rules that would extend the ninety-day period, which is mandatory.") (collecting cases).

2:11-cv-13092-PDB-LJM   Doc # 40   Filed 09/09/13   Pg 8 of 14   Pg ID 652

As MDE outlined in its response, in addition to the regulations regarding due process complaints and related due process hearings, there are separate regulations that require each state educational agency, including MDE, *see* 20 U.S.C. § 1401(32), to develop written procedures for resolving a "state complaint,"  34 C.F.R. § 300.151.  The MDE complied with this requirement by promulgating the rules found in Part 8 of the Michigan Administrative Rules for Special Education Programs and Services, titled State Complaints.  2009 A.A.C.S., R. 340.1851-340.1855.  The state complaint procedure is also known as the "complaint resolution procedure."  While a due process complaint can only be filed by a parent or local educational agency with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of Free Appropriate Public Education (FAPE), a state complaint can be filed by an "individual" regarding any allegation that "a public agency has violated a requirement of Part B" of the IDEA. 34 C.F.R. § 300.153(a)-(b), § 300.151(a); 2009 A.A.C.S., R. 340.1851.  Thus, a state complaint, if one had been filed by Plaintiffs, would have required the State to resolve a claim that a local education agency, such as Utica Schools, failed to implement a due process hearing decision.  *See* 34 C.F.R. § 300.152(c)(3).

More specifically, the state resolution procedure works as follows.  Once a state complaint has been filed, the State Education Agency has 60 days to complete an investigation of the allegations, allow the public agency to respond to the complaint, if warranted, and then issue a written determination on the allegations.  34 C.F.R. § 152(a); *Virginia Office Prot. and Advocacy v. Commonwealth of Virginia,* 262 F. Supp. 2d 648, 652-53 (E.D. Va. 2003).  Under MDE's rules, the Department and the intermediate school district investigate the allegations.  2009 A.A.C.S., R. 340.1853(1), (2).

8

As required by the federal regulations, MDE rules require a final written decision within 60 days.  2009 A.A.C.S., R. 340.1853(5).  If MDE concludes that the public agency (here, Utica Schools) has violated Part B of the IDEA, MDE must provide for appropriate corrective action to remedy the violations.  34 C.F.R. § 300.151(b)(1); 2009 A.A.C.S., R. 340.1854.  In this case, Utica Schools would then have to provide proof of compliance with any ordered corrective action,  2009 A.A.C.S., R. 340.1854(3), and if they failed to comply or cooperate, MDE would then have the following remedies available: a) if the violator is a local school district or public school academy, direct the school district to provide complying programs and services; b) if the violator is an intermediate school district, withdraw the authority of the intermediate school district to operate a program that is in noncompliance and simultaneously require the public agency of residence to place the affected student or students in an appropriate program; c) withhold federal funds under part B of IDEA; d) apply other penalties under M.C.L. § 380.1; e) withhold state funds under M.C.L. § 388.1601, or any other governing statute; f) withhold, withdraw, or suspend such endorsements, approvals, or credentials, grants, or authorizations pertaining to special education personnel or projects; and g) seek enforcement of the corrective action in a court of appropriate jurisdiction. 2009 A.A.C.S., R. 340.1855(1)(a)-(g).

If Plaintiffs are dissatisfied with the results of the state resolution procedure outlined above, they also have two alternatives. First, they can file a due process complaint as allowed by IDEA; and second, they can seek judicial review under Michigan's Revised Judicature Act, Mich. Comp. Laws § 600.631, which allows a party aggrieved by a final agency decision to file an action in state circuit court.  In *Lewis Cass Intermediate Sch. Dist. v. M.K.*, 290 F. Supp. 2d 832, 837 (W.D. Mich. 2003), the District Court made clear that a party's right to seek review in state court under Michigan's state

complaint resolution procedure does not foreclose the right to a due process hearing granted under the IDEA.

In sum, Plaintiffs' exclusive recourse for challenging the District's failure to implement the corrective actions required by the ALJ's Decision and Order is the state complaint resolution procedure. If Plaintiffs are dissatisfied following this procedure, one of the remedies they can seek is a due process hearing under the IDEA (as well as a lawsuit in state court). *Lewis Cass*, 290 F. Supp. 2d at 837. As with their original Complaint, however, Plaintiffs cannot bypass these administrative steps. *See Amidon v. State of Michigan*, No. 04-75003, 2008 U.S. Dist. LEXIS 20625, at *17 (E.D. Mich. Mar. 17, 2008); *Covington Knox Cty. Sch. Sys.*, 205 F.3d 912 (6th Cir. 2000).

Additionally, as Defendants contend, the IDEA does not create a private right of action to challenge a school district's implementation of the corrective action required by a due process hearing officer's decision. The Sixth Circuit has cautioned that it "does not infer the existence of private rights of action haphazardly. . . . [T]he recognition of a private right of action requires affirmative evidence of congressional intent in the language and purpose of the statute or in its legislative history." *Salt Lick Bancorp v. Fed. Deposit Ins. Corp.*, No. 05-5291, 2006 WL 1524623, at *7 (6th Cir. May 30, 2006) (citing *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421 (6th Cir. 2000) (internal quotation marks omitted)).

Plaintiffs bear the burden of demonstrating "that Congress intended to make a private remedy available to enforce" the complaint resolution procedures. *Suter v. Artist M.*, 503 U.S. 347, 363-64, 112 S. Ct. 1360, 118 L. Ed. 2d 1 (1992). But Plaintiffs have not addressed this issue. Additionally, a review of the statutory language suggests that Congress did not intend to create a private right of

action for violations of the complaint resolution procedures.  Pursuant to 20 U.S.C. § 1415(i)(2)(A),

following a decision by an ALJ, "[a]ny party aggrieved by the findings and decisions made under

subsections (f) or (k) who does not have a right to appeal under subsection (g) and any party

aggrieved by the findings and decision made under this subsection, shall have the right to bring a

civil action with respect to the complaint presented pursuant to this section . . . ."    The Court

agrees with Defendants that the IDEA expressly  provides a private cause of action to challenge the

decision from the impartial due process hearing, but is silent as to whether there is also a private

right of action to challenge a school district's compliance with that decision or a state educational

agency's determination that a school district has complied with the decision.  *Compare* 34 C.F.R.

§300.516 *with* 34 C.F.R. §§300.151-153.  Courts that have examined this issue have reached a

similar conclusion.  *See e.g., Virginia Office of Prot. and Advocacy v. Virginia, Dept. of Ed.*, 262

F. Supp. 2d 648, 653, 659 (E.D. Va. 2003) ("Although the IDEA expressly created a private right

of action for those aggrieved by the due process procedure, it does not give the same right to those

participating in a [complaint resolution procedure]"); *Simon v. Yecke,* 2004 WL 3739590, at *6 (D.

Minn. Jun. 1, 2004); *R.K. v. Hayward Unified School Dist.*, No. 06-07836, 2007 WL 4169111, at

*3 (N.D. Cal. Nov. 20, 2007); *Green*, 340 F.3d at 1051 (declining to attribute Congressional intent

to provide a cause of action where Congress explicitly provided a private right of action under

certain provisions and not others); *S.C. v. Deptford Township Bd. of Ed.*, 2006 WL 1784591, at *8

(D. N.J. June 23, 2006) (finding it extremely unlikely that Congress intended to create a right of

action relating to the complaint procedure requirements "when Congress did not expressly create

that right of action, but did expressly create a private right of action for 'any party aggrieved' by the

findings or decisions made under section 1415."); *Wachlarowicz v. Sch. Bd. of Indep. Sch. Dist. No.*

*832*, 2003 U.S. Dist. LEXIS 27147, *12 (D. Minn. Aug. 1, 2003) ("If Congress had intended to create a private right of action for complaint resolution procedures decisions, it could have inserted the relevant language in the statute. It cannot be assumed that a private right of action exists for a complaint resolution procedures decision when the statute expressly provides a right of action for due process hearing decisions only.").[3]

### C.     Plaintiffs' Challenge to the February 27, 2013 IEP

Lastly, to the extent Plaintiffs are alleging that another IDEA violation occurred at their February 27, 2013 IEP meeting, that new violation would be subject to the administrative exhaustion requirements and would require Plaintiffs to file a new due process complaint.  20 U.S.C. § 1415; *Amidon,* 2008 U.S. Dist. LEXIS, at *15; *Crocker v. Tenn. Secondary Sch. Athletic Ass'n*, 873 F.2d 933, 934-35 (6th Cir. 1989).  Plaintiffs have attached nothing to their motion indicating that a new complaint has been filed.  Again, reopening the prior lawsuit is not the proper remedy.

### D.     Plaintiffs' Financial Condition

Plaintiffs' argument that they lack the financial capacity to proceed absent Rule 60 relief is likewise unavailing.  Judge Borman indicated that, at the appropriate time, he would consider an *in forma pauperis* request.  The fact that Plaintiffs do not believe that they qualify for *in forma pauperis* status and cannot pay the necessary fee to refile, does not transform this case into an

---

[3] The Court notes that the Third Circuit in *Beth V. v. Carroll*, 87 F.3d 80, 86 (3d Cir. 1996) concluded that the language in the IDEA authorizing the filing of a lawsuit "plainly encompasses" a legal challenge of the State's failure to comply with the complaint resolution procedures in that case.  However, as noted in *Hayward Unified*, "[t]he section providing the right to bring a civil action has been amended since then.  This statutory provision now limits the right to bring a civil action to parties aggrieved by the findings and decisions made in the due process hearing or by the placement in an alternative educational setting.  Therefore, the [Court found] that *Beth V*. [was] not persuasive."  2007 WL, at *1 n.1 (internal citation omitted).

12

exceptional circumstance worthy of Rule 60 relief.  *See United States v. Davenport*, No. 398CV2586R, 1999 WL 405243, at \*2 (N.D. Tex. 1999) ("financial hardship is not a reason to mandate relief from a final judgment pursuant to Federal Rule of Civil Procedure 60(b)") (citing *Ackerman v. United States*, 340 U.S. 193, 71 S. Ct. 209, 95 L. Ed. 207 (1950)); *see cf. Williams v. United States*, 577 F.2d 930, 931 (5th Cir. 1978) ("pressures of insolvency . . . do not represent the exceptional inequity necessary for granting relief under Rule 60(b)").

For all of these reasons, Plaintiffs have failed to establish an exceptional or extraordinary circumstance whereby the District Court's April 18, 2012 Order should be disturbed.

## III.  RECOMMENDATION

As such, the Court RECOMMENDS that Plaintiffs' Motion For Assistance and to Reinstate the Case (Dkt. 35) be DENIED.

## IV.  FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97.  Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office.  *See* E.D. Mich. LR 5.1.  A copy of any objections is to be served upon

13

this magistrate judge but this does not constitute filing.  *See* E.D. Mich. LR 72.1(d)(2).  Once an

objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be

filed within seven (7) days of service of the response.  E.D. Mich. LR 72.1(d)(3), (4).


s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES MAGISTRATE JUDGE

Dated:  September 9, 2013


CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or
parties of record by electronic means or U.S. Mail on September 9, 2013.


s/Jane Johnson
Deputy Clerk