UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

T.S., a minor,
and GINA SHARBOWSKI,

      Plaintiffs,                                      No. 11-cv-13092

v.                                                  Paul D. Borman
                                                  United States District Judge

                                                  Laurie J. Michelson
UTICA COMMUNITY SCHOOLS,          United States Magistrate Judge
MICHIGAN DEPARTMENT OF
EDUCATION, and JANE AND JOHN
DOES,

      Defendants.
_____/

OPINION AND ORDER (1) ADOPTING MAGISTRATE JUDGE LAURIE J. MICHELSON'S
SEPTEMBER 9, 2013 REPORT AND RECOMMENDATION (ECF NO. 40),
(2) DENYING PLAINTIFFS' OBJECTIONS (ECF NO. 41) and
(3) DENYING PLAINTIFFS' MOTION FOR ASSISTANCE
FROM HIGHER COURT AND TO REINSTATE CASE (ECF NO. 35)

On September 9, 2013, Magistrate Judge Laurie J. Michelson issued a Report and Recommendation to Deny Plaintiffs' Motion for Assistance From Higher Court and to Reinstate Case. (ECF No. 40, Report and Recommendation.) On September 23, 2013, Plaintiffs filed objections to the Magistrate Judge's Report and Recommendation. (ECF No. 41, Objection to Report and Recommendation.) This Court reviews *de novo* the portions of the report and recommendation to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which valid objections have been filed pursuant

1

to 28 U.S.C. § 636(b)(1), the Court ADOPTS the Report and Recommendation and DENIES Plaintiffs' motion to "reinstate case," which the Court liberally construes as a motion for relief from judgment under Fed. R. Civ. P. 60(b)(6).

## I.  BACKGROUND

The Magistrate Judge adequately summarized the background of this closed case in her Report and Recommendation and the Court adopts that summary here.  (ECF No. 40, Report and Recommendation 2-5.)

## II.  STANDARD OF REVIEW

A district court judge reviews *de novo* the portions of the report and recommendation to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  A district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*  Objections must be timely to be considered.  A party who receives notice of the need to timely object yet fails to do so is deemed to waive review of the district court's order adopting the magistrate judge's recommendations. *Mattox v. City of Forest Park,* 183 F.3d 515, 519-20 (6th Cir.1999). "[A] party *must* file timely objections with the district court to avoid waiving appellate review." *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) (emphasis in original).

Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir.1986).  "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted).  A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the

magistrate judge.  An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991).

Specific objections enable the Court to focus on the particular issues in contention. *Howard*, 932 F.2d at 509.  Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*  "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings [the objector] believed were in error" are too summary in nature.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).

**III.   ANALYSIS**

On April 18, 2012, this Court dismissed this action, in which Plaintiff Gina Sharbowski, on behalf of her minor child, claimed that Defendants were denying her learning disabled son the right to an appropriate education.  (ECF No. 34, Order Adopting Report and Recommendation, Granting Motion for Judgment on the Pleadings and Dismissing Case Without Prejudice.)  The Court dismissed the case without prejudice, concluding that Plaintiffs were first required to administratively exhaust their claims before proceeding with any action in this Court based upon the allegations of the Complaint.  The Court denied Plaintiffs' request to leave the case pending while Plaintiffs pursued administrative remedies, but did agree to toll the two-year statute of limitations under which Plaintiffs are required to bring their claims, so that Plaintiffs would still be able to seek relief in this Court if they filed their claims within 90 days of the decision on their administrative case.  The Court also noted that it would consider any claim of indigence that Plaintiffs may present

to the Court in the event they did timely refile their claims in this Court at a later date. (ECF No. 34.)

Plaintiffs pursued their administrative remedies and on July 23, 2012, Administrative Law Judge Susanne E. Harris issued her Decision and Order finding that the Utica Community School District did deny the minor child in this case a Free Appropriate Public Education ("FAPE"), did commit numerous procedural and substantive violations and ordered several corrective actions to be undertaken by the school district on or before September 21, 2012. (Pl.'s Mot. Ex. A, October 3, 2012 Letter to Christine Johns from Harvalee Saunto.)

On March 11, 2013, Plaintiff filed a motion to "reinstate" this closed case, interpreted by Magistrate Judge Michelson as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(6). (Report and Recommendation 5-6.) Plaintiffs are not contesting the substance of the ALJ's order, which largely favored Plaintiffs' position. Even if they were attempting to contest the substance of the ALJ's decision, and even if they had filed a new action as this Court suggested they may be able to do in its April 18, 2012 Order dismissing this case, Magistrate Judge Michelson correctly concluded that their filing on March 11, 2013 would nonetheless have been untimely. Plaintiffs appear to have interpreted the Court's previous Order tolling the two-year statute of limitations under 34 C.F.R. § 300.507 as entitling Plaintiffs to two years within which to file a claim challenging the decision of the ALJ. The Court's Order was clear, however, that any subsequent action challenging the ALJ's decision had to be commenced within 90 days of the date that decision, which was issued on July 23, 2012.

In any event, Plaintiffs are not attempting to challenge the substance of the ALJ's decision. They are challenging the school district's noncompliance with the ALJ's decision. Magistrate Judge

4

Michelson correctly concluded that the only remedy at this time for Plaintiffs' challenge to the school district's non-compliance with the ALJ's decision is further administrative review. In their Objections, Plaintiffs do not actually challenge this finding by the Magistrate Judge. Plaintiffs' objections to Magistrate Judge Michelson's Report and Recommendation fail to specify any findings or conclusions in her Report that Plaintiffs believe to be in error. Indeed, Plaintiffs do not even reference any specific portions of the Report and Recommendation in their "Objections." Instead Plaintiffs merely restate in their objections the very same arguments regarding their underlying claims that were presented to and rejected by Magistrate Judge Michelson. "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings [the objector] believed were in error" are too summary in nature. *Currie*, 50 F.3d at 380.

To the extent that Plaintiffs are attempting to assert claims other than those that were the subject of the administrative hearing, those claims too are subject to the same administrative exhaustion requirement and not properly first addressed in this Court. *See Amidon v. State of Michigan*, No. 04-75003, 2008 WL 723536, at *17 (E.D. Mich. March 17, 2008) (finding that each of plaintiffs' federal claims was subject to the exhaustion requirement of the IDEA where each claim rested in part on the alleged denial of the "free and appropriate education" to which plaintiffs' son allegedly was entitled under IDEA).

**IV.   CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiffs' Objections, ADOPTS the Report and Recommendation (ECF No. 40) and DENIES Plaintiff's motion to reinstate case (ECF No. 35),

5

interpreted by the Court as a motion for relief from judgment under Fed. R. Civ. P. 60(b)(6). This case remains closed.

IT IS SO ORDERED.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: November 7, 2013

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 7, 2013.

s/Deborah Tofil
Case Manager